IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA

v.  CRIMINAL ACTION NO. 1:06cr20-3

ANTONIO COTTINGHAM,
         Defendant.

## ORDER/OPINION

On the 7th day of December, 2006, came the United States of America by Zelda E. Wesley, Assistant United States Attorney, and also came the defendant, Antonio Cottingham, in person, and by his counsel, Natalie J. Sal, pursuant to a Bench Warrant for Arrest issued by Chief United States District Judge Irene M. Keeley on October 10, 2006.

### I. Procedural History

On April 18, 2006, Defendant was released on conditions set by Order [Docket Entry 44]. On October 10, 2006, Defendant failed to appear for the Final Pretrial Hearing scheduled in this case. Because the trial of this matter was scheduled to begin that same date, the Court found it necessary to sever Defendant from his two co-defendants for trial. By Order that same date, Chief United States District Judge Irene M. Keeley directed Defendant be arrested and brought before the Court. Defendant was arrested pursuant to the Court's order on December 1, 2006.

### II. Conclusion

Upon consideration of all the evidence in the record, the undersigned concludes there is clear and convincing evidence that Defendant violated the Mandatory Condition of the Order Setting Conditions of Release requiring him to "appear at all proceedings as required".

Based on the factors set forth in 18 U.S.C. §3142(g) and the clear and convincing evidence of record, the undersigned finds Antonio Cottingham is unlikely to abide by any condition or combination of conditions of release.

It is therefore **ORDERED** that, pursuant to the provisions of 18 U.S.C. §3148 (a), (b)(1)(B) and (2)(A) and (B), the release of Defendant Antonio Cottingham on conditions is **REVOKED** and that:

1) Defendant be **REMANDED** to the custody of the United States Marshal pending further proceedings in this case;

2. Defendant be confined in a facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

3. Defendant be afforded a reasonable opportunity for private consultation with defense counsel;

4. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which Defendant is confined shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding; and

5. The Clerk shall direct copies of this order to counsel for the United States, to counsel for the defendant, to the United States Marshal, and to the United States Probation Officer.

DATED: December _8, 2006.

/s *John S. Kaull*

JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE